Carlina COUNTRYMAN and Dean Countryman, as parents and legal guardians of Alexander Countryman, a minor child, Plaintiffs–Appellees–Cross–Appellants,

Alexander Countryman, Plaintiff,

v.

William FARBER and Village of St. Johnsville, Defendants–Appellants–Cross–Appellees.

Nos. 07–1869–cv(L), 07–1870–cv(XAP).

United States Court of Appeals, Second Circuit.

July 27, 2009.

Kathleen D. Foley, Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY, for Appellants.

Elmer Robert Keach, III, Amsterdam, NY, for Appellees.

PRESENT: WALKER, B.D. PARKER and REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Defendants Village of St. Johnsville ("Village") and William Farber, Chief of Police of the Village, appeal from a judgment entered in favor of plaintiff Alexander Countryman following a jury trial at which it was determined that the Village's policy or practice concerning the treatment of evidence of sex crimes failed to protect the constitutional rights to privacy of victims of sexual abuse, and that this failure proximately caused the disclosure of the minor plaintiff's identity as such a victim. "When an appeal comes to us after a jury verdict, we view the facts of the case in the light most favorable to the prevailing party." *Kosmynka v. Polaris Indus., Inc.*, 462 F.3d 74, 77 (2d Cir.2006). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

### 1. *Verdict Sheet*

We note at the outset that the Village has expressly waived any argument that the jury's verdict was inconsistent in holding the Village liable while absolving its policymaker, Chief of Police Farber. *See* Appellants' Reply Br. 1 ("[D]efendants do not contend that the verdict was inconsistent."). Rather, the Village asserts that the verdict was "simply wrong," and it attributes the error to the district court's inclusion of a separate question concerning municipal liability on the verdict sheet. *Id.*

Federal Rule of Civil Procedure 51 requires that an objection to a question on a verdict sheet or to jury instructions be made "on the record, stating distinctly the matter objected to and the grounds for the objection," Fed.R.Civ.P. 51(c), before the case is submitted to the jury, *see Jarvis v. Ford Motor Co.*, 283 F.3d 33, 56–57 (2d Cir.2002); *see also Kosmynka v. Polaris Indus., Inc.*, 462 F.3d at 84–85. Because the Village's "general objection" to the verdict sheet referencing an earlier off-the-record objection does not satisfy Rule 51, *see Jarvis v. Ford Motor Co.*, 283 F.3d at 62, we review this argument only for fundamental error, *SCS Commc'ns, Inc. v. Herrick Co.*, 360 F.3d 329, 343 (2d Cir. 2004) (noting that "fundamental error" is "a more exacting standard than the plain error standard in the criminal context and must be so serious and flagrant that it goes to the very integrity of the trial" (internal quotation marks omitted)).[1] We identify no such error in this case.

■ Even if the verdicts in this case reasonably could be characterized as "idiosyncratic," we discern no fundamental error warranting vacatur. *Lavoie v. Pac. Press & Shear Co.*, 975 F.2d 48, 56 (2d Cir.1992) (internal quotation marks omitted). In light of how the case was tried, the jury could have found that Chief Farber, when handling the evidence of plaintiff's abuse, was not so much deliberately indifferent to plaintiff's constitutional rights as careless. At the same time, the jury could have viewed the absence of a specific Village protocol for handling sex crimes evidence, coupled with Farber's actions, as evidence of deliberate municipal indifference to the privacy rights of the victims of sex crimes. Although the Village's counsel on appeal has offered a co-

---

1. We are aware of only four cases in which this court has vacated a jury verdict on the ground that an unpreserved Rule 51 error was "fundamental." *See Kerman v. City of New York*, 374 F.3d 93, 132 (2d Cir.2004); *Frederic P. Wiedersum Assocs. v. Nat'l Homes Constr. Corp.*, 540 F.2d 62, 66–67 (2d Cir. 1976); *Williams v. City of New York*, 508 F.2d 356, 362 (2d Cir.1974); *Ferrara v. Sheraton McAlpin Corp.*, 311 F.2d 294, 297–98 (2d Cir. 1962).

gent view of the facts that—had it been presented to the trial jury—might have persuaded the jury to absolve both the Village and Chief Farber of liability, counsel's argument is misplaced. "[I]t is the duty of the district court to attempt to harmonize the jury's answers, if it is at all possible under a fair reading of the responses" and "[o]ur responsibility as a reviewing court is the same." *See LeBlanc–Sternberg v. Fletcher,* 67 F.3d 412, 427–28 (2d Cir.1995) (internal quotation marks omitted). Having done so, we reject the Village's verdict-form challenge as without merit.[2]

### 2. *Sufficiency of Evidence*

Although the Village also appears to have expressly waived any sufficiency claim, *see* Appellants' Reply Br. at 8 ("[D]efendants do not argue 'sufficiency' as a basis for dismissal of plaintiffs' complaint."), it nevertheless asserts that there was no evidence to support the jury's findings (1) that Chief Farber, as policymaker, made "a deliberate choice to follow a course of action from among various alternatives" sufficient to constitute a policy or custom of the Village, *id.* (quoting *Pembaur v. City of Cincinnati,* 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986)); and (2) that the Police Department's written evidence policy was unconstitutional. Even if these arguments were not waived, our review would be narrowly circumscribed because the Village failed to move at any time for judgment as a matter of law ("JMOL") on these grounds. *See* Fed. R.Civ.P. 50; *see also Gierlinger v. Gleason,* 160 F.3d 858, 869 (2d Cir.1998) ("The JMOL motion must at least identify the specific element that the defendant contends is insufficiently supported. A gener-

alized challenge is inadequate." (internal quotation marks omitted)). Consequently, our review is barred except to prevent a "manifest injustice," *Jacques v. DiMarzio, Inc.,* 386 F.3d 192, 199 (2d Cir.2004) (citation and internal quotation marks omitted), a standard that the Village does not attempt to meet.

■ "[V]iew[ing] the evidence in the light most favorable to the non-movant, [and] deferring to the jury's assessment of the evidence and all reasonable inferences the jurors could draw from that evidence," *Meloff v. New York Life Ins. Co.,* 240 F.3d 138, 145 (2d Cir.2001), we identify no manifest injustice in the jury's verdict. With respect to the Village's argument that plaintiff failed to demonstrate that Farber made "a deliberate choice to follow a course of action ... from among various alternatives," *Pembaur v. City of Cincinnati,* 475 U.S. at 483, 106 S.Ct. 1292, we note that the district court's instruction to the jury did not require such a finding, and the Village at no time objected to those instructions. It was not manifestly unjust for the jury to render a verdict supported by the evidence adduced at trial and the arguments made by trial counsel, and consistent with the instructions given by the district court. *See Lavoie v. Pac. Press & Shear Co.,* 975 F.2d at 55 ("Surely litigants do not get another opportunity to assign as error an allegedly incorrect charge simply because the jury's verdict comports with the trial court's instructions.").

As for the Village's assertion that its written policy regarding the general handling of criminal evidence was not proved to be unconstitutional, we observe that the jury did not find otherwise. The jury was

---

**2.** We also note that the Village failed to raise any objection to the jury instruction on municipal liability. In the absence of such an objection, it was not fundamental error for the district court to ask the jury a corresponding municipal liability question on the verdict sheet.

asked to consider the Village's policy or practice (or lack thereof) specifically as it related to the constitutional right to privacy of victims of sexual abuse, and not the Village's general evidence handling policy. Accordingly, the jury was entitled to consider the absence of any such specific written policy coupled with Farber's actions in handling the evidence. *See Mandell v. County of Suffolk,* 316 F.3d 368, 385 (2d Cir.2003) ("Thus, if the challenged action is directed by an official with 'final policy-making authority,' the municipality may be liable even in the absence of a broader policy."); *see also Amnesty Am. v. Town of W. Hartford,* 361 F.3d 113, 126 (2d Cir.2004) ("Where plaintiffs allege that their rights were deprived ... by a city employee's single tortious decision or course of action, the inquiry focuses on whether the actions of the employee in question may be said to represent the conscious choices of the municipality itself. Such an action constitutes the act of the municipality and therefore provides a basis for municipal liability where it is taken by, or is attributable to, one of the city's authorized policymakers."). Because the jury did not conclude that the Village's general evidence policy was unconstitutional, this argument does not warrant vacatur of the judgment as manifestly unjust.

3. *Plaintiff's Cross–Appeal*

Plaintiff also filed a cross-appeal challenging the district court's dismissal of his state law claims on timeliness grounds. However, defendants consent to dismissal of their cross-appeal "should the court affirm the Jury Verdict below." Appellee's Br. at 9. Because we affirm the verdict, plaintiff's cross-appeal is dismissed.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former

We have considered all of defendants' remaining arguments and conclude that they lack merit. Accordingly the district court's judgment is hereby AFFIRMED.